### No. 44

No. 18029—The State of Ohio v. Mabel Champion. Error to the Court of Appeals of Cuyahoga county.

611. HOMICIDE—Right of self-defense defined—Result of failure to testify as to belief of danger—Testimony of accused inconsistent with justification—Where evidence shows deceased was killed by the force and violence complained of, charge of assault and battery is improper—Right of defendant to complain of several special charges, given and not given, where general charge is correct.

WANAMAKER, J.

1. The right of self-defense, to repel actual or threatened force, requires that defendant shall bona fide believe herself to be in danger of death or great bodily harm, and shall bona fide believe that her only means of escape from such danger is in using force she used, and that she have reasonable grounds for such belief. (Marts v. State, 26 Ohio St. 162, approved and followed).

2. Where defendant entirely fails to testify as to such bona fide belief, she has no right to claim justification by way of self-defense.

3. In a case of homicide, where defendant testifies that she did not intend to fire the fatal shot and that she did not knowingly "pull the triger," such testimony is entirely inconsistent and irreconcilable with the right of self-defense.

4. Where, under the evidence, it is clear and convincing that the force and violence complained of by the state killed the deceased, a charge of assault and of assault and battery is improper. (Bandy v. State, 102 St. 384, approved and followed.)

Where at the close of the general charge of the trial judge in a case of murder, defendant's counsel makes a special request for the court to charge on (1) self-defense; (2) assault; (3) assault and battery; and (4) accidental homicide, and the court refuses to charge as to self-defense, assault, and assault and battery, but does charge as to accidental homicide, and defendant's counsel thereupon excepts to the special request refused and to self-defense, assault, and assault and battery, but takes no exception as to accidental homicide, as given, and makes no further request in that behalf, the defendant may not thereafter complain as to what the court said or omitted to say as to accidental homicide if the general charge correctly places the burden of proof beyond a reasonable doubt upon the state.

Judgment reversed.

Marshall, C. J., Day and Allen, JJ., concur.